UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| LEROY GARCIA-ORTIZ, | : | |
| --- | --- | --- |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. 3:19-cv-426 (VAB) |
| | : | |
| CITY OF WATERBURY, ET AL., | : | |
| *Defendants.* | : | |

## INITIAL REVIEW ORDER

Leroy Garcia-Ortiz ("Plaintiff"), is currently confined at the Downstate Correctional Facility in Fishkill, New York. He has filed a Complaint under 42 U.S.C. § 1983 against the City of Waterbury and four John Doe Waterbury Police Officers. He alleges that the officers used excessive force against him on February 23, 2017.

For the reasons set forth below, the Complaint will be **DISMISSED in part**. The claims against the City of Waterbury, and the claims against the John Doe police officers in their official capacities, will be dismissed.

Mr. Garcia-Ortiz's excessive force claim against the John Doe police officers in their individual capacities will be permitted to proceed, provided that he identifies the John Doe police officers.

### I. FACTUAL ALLEGATIONS

On February 23, 2017, Waterbury Police Officers John Doe #1, John Doe #2, John Doe #3, and John Doe #4 allegedly responded to a complaint about a domestic dispute in a third-floor apartment of 133 Pine Street in Waterbury, Connecticut. Compl., ECF No. 1, at 6 (Mar. 21, 2019). As Mr. Garcia-Ortiz allegedly attempted to flee from the scene, John Doe Officer #1

allegedly shot him with a taser gun. *Id.* Mr. Garcia-Ortiz allegedly ran two blocks to a building and entered an elevator. *Id.* All four officers allegedly followed Mr. Garcia-Ortiz to the building and located him in the elevator. *Id.*

In response to an alleged order to exit the elevator, Mr. Garcia-Ortiz allegedly raised his hands. At that point, all four Officers allegedly "jumped on top of" Mr. Garcia-Ortiz and punched and kicked him in the face, mouth, and body until he lost consciousness. *Id.* Medical providers transported Mr. Garcia-Ortiz from the scene to Waterbury Hospital. *Id.* Medical staff members at the hospital treated Mr. Garcia-Ortiz for his injuries, which allegedly included a broken front tooth and two black eyes. *Id.*

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P.

8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III. DISCUSSION

Mr. Garcia-Ortiz alleges that all four Officers used unlawful and unreasonable force against him. The Court construes these allegations as an excessive force claim brought under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394–95 & n.10 (1989) (A claim that a law enforcement officer used excessive force against a free citizen during an arrest or an investigatory stop is evaluated "under the Fourth Amendment and its reasonableness standard, rather than" as a "substantive due process" claim under the Fourteenth Amendment.).

Mr. Garcia-Ortiz seeks monetary damages relief.

### A. Claim against the City of Waterbury and John Doe Officers in their Official Capacities

Mr. Garcia-Ortiz alleges that the City of Waterbury has failed to properly train its police officers as to the amount of force to be used against arrestees. Compl. at 6. It is unclear whether Mr. Garcia-Ortiz is suing the four Waterbury Police Officers in their individual or official capacities, or both. To the extent that he is suing them in their official capacities, his claims against municipal employees in their official capacities will be treated as claims against the municipality itself." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004) (stating that claims brought against a municipal employee sued in his official capacity under Section 1983 are treated as though they were brought against the municipality itself (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

#### 1. The Policy, Practice, or Custom Requirement

Municipalities are not vicariously liable in *respondeat superior* for the unconstitutional misconduct of their officials and employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). Municipal liability may be established, however, if a constitutional violation

4

occurred as a result of a policy, practice, or custom formally promulgated by the governing authority of the municipality or the conduct of a person who had policymaking authority for the municipality. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) ("A municipality is liable under section 1983 only if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." (citing *Monell*, 436 U.S. at 691)).

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*" absent proof that "the incident . . . was caused by an existing, unconstitutional municipal policy[] that can be attributed to a municipal policymaker." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion). A policy or custom may not be inferred from an allegation that individual police officers have engaged in a single act of wrongdoing. *See Henderson v. Town of Greenwich*, 317 F. App'x 46, 47 (2d Cir. 2009) ("[Plaintiff] argues principally that the illegal stop itself establishes a genuine issue of fact as to a policy or custom. But it does not[.]" (citing *City of Okla. City*, 471 U.S. at 823–24)).

The alleged use of force by John Doe Officers #1, #2, #3, and #4 arises from a single incident. A single unconstitutional act taken by a policy-maker may be sufficient to impose liability on a municipality. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 470 (1986) ("[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."). But Mr. Garcia-Ortiz has not alleged any acts by policy-makers, and the Complaint otherwise lacks any allegations suggesting a municipal policy, pattern, or custom that led to the alleged excessive use of force.

### 2. The Failure to Train Claim

An inadequate training program "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons whom the police come into contact." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989). *See Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 130 (2d Cir. 2004) (under the failure to train theory of municipal liability, the alleged deprivation must have "occurred as the result of a municipal policy rather than as a result of isolated misconduct by a single actor, . . ."); *Doe by & through Boyd v. Smereczynsky*, No. 3:16-cv-394 (MPS), 2017 WL 1100426, at *4 (D. Conn. Mar. 23, 2017) (plaintiff's allegation that "officer training, specifically in the proper uses of force to be used while executing arrests, was deficient" was insufficient to establish liability of City for constitutional violations of police officers because plaintiff did "not allege any specific deficiency in New Haven's police officer training regimen that caused her injuries, . . ."); *Adams v. City of New Haven*, No. 3:14-cv-00778 JAM, 2015 WL 1566177, at *4 (D. Conn. Apr. 8, 2015) ("A failure-to-train claim is properly dismissed where the complaint lacks enough factual material for the court to reasonably infer that the police misconduct alleged was the result of anything other than the individual acts of the arresting officers." (internal alterations, quotation marks, and citation omitted)).

Mr. Garcia-Ortiz asserts that the City of Waterbury has failed to train its officers properly in the amount of force to be used against an individual during an arrest. Compl. at 6. His allegation that the City of Waterbury failed to train its officers is conclusory. Mr. Garcia-Ortiz does not state a plausible claim of municipal liability because he has not alleged any facts to suggest that his injuries were the result of a failure to train or to supervise on the part of the City

of Waterbury, rather than the acts of the individual Doe Officers who used force against him. Thus, the conclusory statement regarding improper training is insufficient to state an official capacity *Monell* claim against the City of Waterbury under a failure to train theory.

Mr. Garcia-Ortiz has failed to allege facts to state a claim against the City of Waterbury for the force allegedly used by John Doe Officers #1, #2, #3, and #4 on February 23, 2017.

Accordingly, the claims against the City of Waterbury and the Officers in their official capacities are dismissed. *See* 28 U.S.C. § 1915A(b)(1). *See Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (affirming dismissal of conclusory *Monell* claim based on the existence of an official policy or custom); *Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98, 110–11 (D. Conn. 2019) ("Complaint including only conclusory statements about there being discriminatory practices and inadequate training and oversight" did not state claim of municipal liability under *Monell*.); *Gordon v. City of N.Y.*, No. 10-CV-5148, 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (dismissing a *Monell* claim because "complaint is devoid of factual support for his references to a municipal policy").

### B. Claim against John Doe Officers in their Individual Capacities

The factors to be considered when evaluating an excessive force claim under the Fourth Amendment include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (internal citation omitted). As the Supreme Court has explained, whether law enforcement officers' use of force is "excessive" must be judged by "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.*

at 397 (internal quotation marks omitted). "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id.* at 397.

"'A police officer is personally involved in the use of excessive force if he either: (1) directly participates in an assault; or (2) was present during the assault, yet failed to intercede on behalf of the victim even though he had a reasonable opportunity to do so.'" *Gonzalez v. Waterbury Police Dep't*, 199 F. Supp. 3d 616, 621 (D. Conn. 2016), *as amended* (Aug. 9, 2016) (quoting *Jeffreys v. Rossi*, 275 F.Supp.2d 463, 474 (S.D.N.Y.2003), a*ff'd sub nom. Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir.2005)) (citing *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 129 (2d Cir.1997)). "[N]o objective officer would think it reasonable to punch and kick an individual who is indicating surrender." *Maye v. Vargas*, 638 F. Supp. 2d 256, 264 (D. Conn. 2009).

Mr. Garcia-Ortiz alleges that after he surrendered to the four Waterbury Police Officers by raising his hands in the air, the officers then kicked and punched him causing him to lose consciousness and injuring him. He has thus stated a plausible excessive force claim that John Doe Police Officers #1, #2, #3, and #4 used an unreasonable and unnecessary amount of force against him.

The Fourth Amendment excessive force claim therefore will proceed against John Doe Waterbury Police Officers #1, #2, #3, and #4 in their individual capacities.

C.     The *Heck v. Humphrey* Exhaustion Requirement

It is unclear from Mr. Garcia-Ortiz's allegations whether the alleged incident with Defendant police officers is related to his underlying conviction. If the alleged incident is

connected with his underlying conviction, it may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court there held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87. Thus, if Mr. Garcia-Ortiz's claims call into question his underlying conviction, then the appropriate action would be a habeas corpus action, not an action under Section 1983. *Id.* at 481–82 ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement.").

In order to bring a Section 1983 claim that implicates his underlying conviction, Mr. Garcia-Ortiz would need to show that he has exhausted his means for challenging that conviction, and that the conviction or sentence has been invalidated. *Id.* at 487 ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." (internal citation and quotation marks omitted)).

Mr. Garcia-Ortiz's Complaint does not, however, assert that Defendants' alleged actions were connected to the conviction leading to his current imprisonment. Therefore, the Court will permit his claims to go forward at this time.

## IV. CONCLUSION

For the foregoing reasons, the Fourth Amendment failure to train and excessive force claims against the City of Waterbury and the John Doe Waterbury Police Officers #1, #2, #3, and #4 in their official capacities are **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

The Clerk of the Court is respectfully directed to terminate the City of Waterbury as a defendant in this case.

The Fourth Amendment excessive force claim will proceed against John Doe Waterbury Police Officers #1, #2, #3, and #4 in their individual capacities.

The Court notifies Mr. Garcia-Ortiz that the Clerk **cannot** serve the Complaint on the John Doe Officers because he has not provided the first and last name of any of these officers. **Mr. Garcia-Ortiz will have until July 10, 2020, to discover the first and last names of each Doe defendant and to file a notice identifying each Doe defendant by his or her first and last name.**

The Court will dismiss the case without further notice as to any Doe defendant that Mr. Garcia-Ortiz does not sufficiently identify by first and last name by **July 10, 2020**. *See* Fed. R. Civ. P. 4(m).

**SO ORDERED** at Bridgeport, Connecticut this 3rd day of April, 2020.

_____/S/_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE