UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
LEROY GARCIA-ORTIZ            :    Civil No. 3:19CV00426(SALM)
                              :
v.                            :
                              :
MICHAEL J. SABOL, AARON       :    January 4, 2022
SLATER, MICHAEL SILVA, KYLE   :
COSMOS, and EMMANUEL MARTINEZ :
                              :
------------------------------X
```

## RULING ON MOTION TO DISMISS

Self-represented plaintiff Leroy Garcia-Ortiz, a sentenced inmate[1] in the custody of the New York Department of Corrections and Community Supervision, brings this action relating to the events surrounding his arrest by Waterbury, Connecticut, police officers on February 23, 2017. See Doc. #1 at 6. Plaintiff filed his original Complaint on March 21, 2019. See id. The Court

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the New York State Department of Corrections and Community Supervision website, which reflects that Garcia-Ortiz is a sentenced inmate. See http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Jan. 3, 2022).

conducted an initial review of that Complaint and issued an Initial Review Order on April 3, 2020, permitting plaintiff's excessive force claims against the individual (then "John Doe") police officer defendants to proceed to service of process. See Doc. #8. On September 2, 2020, plaintiff filed an Amended Complaint naming the "John Doe" defendants. See Doc. 13. No initial review of the Amended Complaint was conducted. On November 10, 2021, all defendants filed a motion to dismiss the Amended Complaint. See Doc. #22. Plaintiff has not filed any response to that motion.

This matter was transferred to the undersigned on December 28, 2021. See Doc. #29.

I.   **STANDARD OF REVIEW**

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"While we construe pro se pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counseled

plaintiffs alike." Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019) (citation and quotation marks omitted); see also Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation and quotation marks omitted); accord Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842, 854 (2d Cir. 2021). In reviewing such a motion, the Court "must accept as true all nonconclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiffs' favor." Kaplan, 999 F.3d at 854 (citations omitted).

## II. DISCUSSION

The original Complaint indicated that it was brought pursuant to 42 U.S.C. §1983, see Doc. #1 at 2, and made clear that plaintiff's claims related to the use of force during his arrest. See Doc. #1 at 6 ("The force against Plaintiff was not reasonable[.]"). The Complaint did not identify which Constitutional provision plaintiff claimed was violated by this use of force. In the Initial Review order, Judge Bolden appropriately construed the claim as being brought pursuant to

the Fourth Amendment, because the use of force occurred "during an arrest or an investigatory stop[.]" Doc. #8 at 4.

The Initial Review Order dismissed all claims against the City of Waterbury, and against the defendant officers in their official capacities, and concluded as follows:

> The Fourth Amendment excessive force claim will proceed against John Doe Waterbury Police Officers #1, #2, #3, and #4 in their individual capacities.
>
> The Court notifies Mr. Garcia-Ortiz that the Clerk cannot serve the Complaint on the John Doe Officers because he has not provided the first and last name of any of these officers. Mr. Garcia-Ortiz will have until July 10, 2020, to discover the first and last names of each Doe defendant and to file a notice identifying each Doe defendant by his or her first and last name.

Doc. #8 at 10.

Plaintiff filed an Amended Complaint, in compliance with these directives, naming the individual defendants in their individual capacities only. See Doc. #13. The Amended Complaint essentially repeats the factual allegations of the original Complaint. It adds the following: "The actions of each defendant in using physical force against the plaintiff without need or provocation was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution." Doc. #13 at 6.

Defendants now move to dismiss the Amended Complaint on one

basis: that the Eighth Amendment is not the proper vehicle for a claim of excessive force brought by a plaintiff who claims the excessive force was used during the course of an arrest. Defendants argue:

> Plaintiff's reliance on the Eighth Amendment is misplaced. At the time of the incident where Plaintiff was allegedly assaulted, Plaintiff had not been convicted, only arrested by the Defendants. There are no allegations made by the Plaintiff that allege that he was subjected to cruel and unusual punishment by officials after he was convicted hence his Eighth Constitutional claim must fail.

Doc. #22-1 at 7.

Defendants are correct that the Eighth Amendment prohibition on cruel and unusual punishment does not apply to arrestees, only to sentenced inmates. But construing plaintiff's Amended Complaint generously, as the Court must in light of his self-represented status, the Court finds that the error in citing to the Eighth Amendment, rather than the Fourth Amendment, is not sufficient to warrant dismissal of the Amended Complaint on its merits. Plaintiff has had only one opportunity to amend his complaint. The substance of the Amended Complaint makes his claims clear. The motion to dismiss is brought solely on that ground. Accordingly, the motion to dismiss is **DENIED**.

### III. CONCLUSION

Defendants' motion to dismiss is **DENIED**. The case may

proceed on the sole count of the Amended Complaint, which the Court construes as being brought pursuant to the Fourth Amendment, rather than the Eighth Amendment.

A revised scheduling and case management order will enter.

It is so ordered.

Dated at New Haven, Connecticut, this 4th day of January, 2022.

                                                    /s/
                                             SARAH A. L. MERRIAM
                                             UNITED STATES DISTRICT JUDGE