## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LEROY GARCIA-ORTIZ,
*Plaintiff,*

v.                                              No. 3:19-cv-426 (VAB)

CITY OF WATERBURY ET AL.,
*Defendants.*

## RULING AND ORDER ON MOTIONS IN LIMINE

Leroy Garcia-Ortiz ("Plaintiff") has sued Michael Sabol, Aaron Slater, Michael Silva,

Kyle Cosmos, and Emanuel Martinez ("Defendants") under 42 U.S.C. § 1983.[1] Am. Compl.,

ECF No. 13. Mr. Garcia-Ortiz alleges that each of the Defendants is an officer with the

Waterbury Police Department and that Defendants used excessive force in the course of arresting

Mr. Garcia-Ortiz on February 23, 2017. *See id.* ¶¶ 10–14, 26.

In advance of trial, Mr. Garcia-Ortiz has filed a motion *in limine* seeking to exclude

evidence related to Mr. Garcia-Ortiz's alleged drug use or possession prior to or during the

events at issue in this case. Pl.'s Mot. *in Limine* Concerning Illicit Drug Use & Possession, ECF

No. 117 ("Pl.'s MIL").

For the following reasons, Mr. Garcia-Ortiz's motion *in limine* is **GRANTED in part**

and **DENIED in part** without prejudice to renewal at trial.

To the extent relevant as impeachment of any testimony provided by Mr. Garcia-Ortiz, or

as relevant to the testimony of any of Defendants' witnesses and not unduly prejudicial,

Defendants will be permitted to introduce evidence regarding Mr. Garcia-Ortiz's drug use and

---

[1] Mr. Garcia-Ortiz indicates in the parties' joint trial memorandum that he intends to withdraw his claims against Mr. Slater, Mr. Silva, and Mr. Martinez and to proceed only on his claims against Mr. Sabol and Mr. Cosmos. *See* Joint Trial Mem. at 2, ECF No. 118.

intoxication at the time of the incident in question on February 23, 2017. But, for now, any testimony regarding any medical tests taken about any alleged drug use or intoxication, or any evidence about any such tests themselves, will not be permitted, although such evidence may be admissible, depending on Mr. Garcia-Ortiz's testimony.

Evidence of Mr. Garcia-Ortiz's drug use or possession before or after this date will not be admitted.

The Court's rulings, however, are "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce v. United States*, 469 U.S. 38, 41 (1984).

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Mr. Garcia-Ortiz alleges that, on February 23, 2017, at approximately 6:12 p.m., Defendants responded to a domestic disturbance, from which Mr. Garcia-Ortiz attempted to flee. Am. Compl. ¶¶ 19–20. Mr. Garcia-Ortiz allegedly ran two blocks away, entered a building, and attempted to escape in the building's elevator. *Id.* ¶ 21. He alleges that Mr. Sabol and Mr. Cosmos then jumped on top of him and proceeded to kick and punch him even though Mr. Garcia-Ortiz had his hands raised. *Id.* ¶ 23; Joint Trial Mem. at 2, ECF No. 118.

### B.  Procedural History

On March 23, 2019, Mr. Garcia-Ortiz filed his *pro se* Complaint, naming the City of Waterbury and four John Doe police officers as defendants. Compl., ECF No. 1.

On April 3, 2020, the Court issued an initial review order under 28 U.S.C. § 1915A dismissing Mr. Garcia-Ortiz's claims against the City of Waterbury and his claims against the police officer Defendants in their official capacities. Initial Review Order, ECF No. 8. The Court

permitted Mr. Garcia-Ortiz to proceed on his excessive force claims against the police officer Defendants in their individual capacities and directed him to identify the officers by name so that they could be served. *Id.*

On September 2, 2020, Mr. Garcia-Ortiz filed an Amended Complaint in which he identified the four police officer Defendants and dropped his claims against the City of Waterbury. Am. Compl.

On January 24, 2022, after the Court denied Defendants' motion to dismiss, Defendants filed their Answer to the Amended Complaint. Answer, ECF No. 36; *see also* Order, ECF No. 30 (Jan. 4, 2022) (denying Defendants' motion to dismiss).

On October 13, 2022, the Court appointed Attorney Bradford Sullivan as *pro bono* counsel for Mr. Garcia-Ortiz. Order, ECF No. 105.

After the close of discovery, neither party filed a dispositive motion, and the Court set a trial schedule. Order, ECF No. 113 (May 2, 2023).

On June 29, 2023, Mr. Garcia-Ortiz filed his motion *in limine*. Pl.'s MIL.

On June 30, 2023, the parties filed their joint trial memorandum. Joint Trial Mem.

On July 5, 2023, Defendants filed their opposition to Mr. Garcia-Ortiz's motion *in limine*. Defs.' Obj. to Pl.'s Mot. *in Limine*, ECF No. 120 ("Def.'s Opp'n").

## II.   STANDARD OF REVIEW

Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in*

*limine.*" *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce*, 469 U.S. at 41 n.4).

A court should exclude evidence on a motion *in limine* only if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal quotation marks omitted). The court also retains discretion to "reserve judgment until trial, so that the motion is placed in the appropriate factual context." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (internal quotation marks omitted).

## III.   DISCUSSION

Rule 402 provides that evidence is admissible only if it is relevant. *See* Fed. R. Evid. 402. Rule 401, in turn, defines evidence as relevant when "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even when evidence is relevant, however, it is subject to the balancing test of Rule 403, under which the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

In his motion *in limine*, Mr. Garcia-Ortiz seeks to preclude Defendants "from presenting or eliciting any evidence or testimony of plaintiff's alleged drug use or possession prior to or during the events as alleged by the plaintiff in his amended complaint." Pl.'s MIL at 1. He argues that this evidence is irrelevant to the questions of liability and damages presented in this case and that Defendants' only purpose in introducing evidence of drug use would be to cast Mr. Garcia-Ortiz in a negative light. *See id.* Thus, he argues, this evidence is inadmissible under Federal Rules of Evidence 402 and 403.

In response, Defendants first argue that Mr. Garcia-Ortiz's drug use is relevant to the reasonableness of the officers' use of force. *See* Opp'n at 2. They note that Mr. Garcia-Ortiz's wife had told the officers that Mr. Garcia-Ortiz might be under the influence of drugs and contend that his resistance to the officers suggested that he was, in fact, intoxicated. *See id.* Thus, the officers argue, whether Mr. Garcia-Ortiz was actually using drugs was relevant to the reasonableness of their response to his resistance. *See id.* Defendants also argue that Mr. Garcia-Ortiz's intoxication at the time is relevant to his credibility in testifying about his recollection of the events at issue in this case. *See id.* at 2–3. Thus, according to Defendants, evidence of Mr. Garcia-Ortiz's drug use at the time of the events in question should be admitted. *See id.* at 3.

The Court agrees.

Here, Mr. Garcia-Ortiz's intoxication during the events in question is relevant to the reasonableness of the officers' use of force. In evaluating Mr. Garcia-Ortiz's excessive force claim, a jury must determine whether the force was reasonable by conducting "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* In determining whether a particular use of force is reasonable, courts consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* "Federal courts have often admitted evidence of intoxication as relevant to making that determination." *Miller v. City of New London*, No. 3:13-cv-619 (VAB), 2015 WL 2179773, at *2 (D. Conn. May 8, 2015) (collecting cases).

5

Furthermore, courts have held that "[e]vidence of intoxication . . . is a permissible ground for impeachment of the plaintiff's ability to observe and recall critical events." *Giannini v. Ford Motor Co.*, 616 F. Supp. 2d 219, 224 (D. Conn. 2007); *see also United States v. DiPaolo,* 804 F.2d 225, 229 (2d Cir. 1986) ("It is, of course, within the proper scope of cross-examination to determine whether a witness was under the influence of drugs or narcotics or alcohol at the time of observation of events in dispute."). Thus, Mr. Garcia-Ortiz's intoxication at the time is relevant not only to the reasonableness of the officers' actions but also to the accuracy of his own testimony regarding the events in question.

On the other side of the Rule 403 balancing test, the Court recognizes that there is a substantial risk of prejudice to Mr. Garcia-Ortiz from the introduction of evidence regarding drug use. The Second Circuit has noted that "ordinarily there are few subjects more potentially inflammatory than narcotics and thus such evidence should usually be excluded in a non-narcotics trial." *United States v. Ong*, 541 F.2d 331, 339–40 (2d Cir. 1976). Nonetheless, the evidence of intoxication at issue in this case goes directly to two central issues: the officers' perspective at the time of the incident and Mr. Garcia-Ortiz's credibility. It is for these reasons that "[f]ederal courts have often admitted evidence of intoxication as relevant" in excessive force cases. *Miller*, 2015 WL 2179773, at *2. As in *Miller*, the Court finds that the probative value of evidence related to Mr. Garcia-Ortiz's drug use and intoxication at the time of the events in question on February 23, 2017, is not substantially outweighed by the danger of unfair prejudice. Such evidence is therefore admissible, provided that there are no other grounds for inadmissibility.

Although the officers were informed before the alleged assault that Mr. Garcia-Ortiz might be intoxicated, they could not have known definitively that he would later test positive for

cocaine and cannabis. *See* Opp'n at 1–2. Thus, evidence of these test results is not directly relevant to the officers' state of mind at the time. This evidence, however, may be indirectly relevant because it corroborates Defendants' description of Mr. Garcia-Ortiz as behaving as though he were intoxicated. *See Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) ("On the other hand, police assertions that Cammerin was acting erratically, taunting police and goading them to shoot him instead of following police commands, is made more probable by . . . evidence that he was on drugs at the time."); *Saladino v. Winkler*, 609 F.2d 1211, 1214 (7th Cir. 1979) ("This evidence tends to make more probable that the plaintiff acted as the defendant contended he did or that plaintiff otherwise conducted himself in such a manner as to place the defendant reasonably in fear of his life."); *Turner v. White*, 980 F.2d 1180, 1183 (8th Cir. 1992) (citing *Saladino* and holding that evidence of alcohol consumption was "relevant to the question of Keith Turner's and Joseph Downing's actions and reactions when the officers shouted at them to get out of the car"); *Turner v. County of Kern*, No. 1:11–cv–1366 (AWI) (SKO), 2014 WL 560834, at *3 (E.D. Cal. Feb. 13, 2014) ("Evidence of intoxication would be relevant to explain Turner's conduct (including any attempts to leave the scene) and, depending on exactly how much of Turner's conduct is in dispute, to corroborate the officers' version of events.").

The Court, however, will withhold judgment on this issue until Mr. Garcia-Ortiz's testimony in order to determine whether either his testimony on direct examination, or any of his answers on cross-examination, opens the door to the admission of the test results themselves. In the absence of any expert testimony to explain what these test results mean, *see, e.g.*, *Turner v. County of Kern*, 2014 WL 560834, at *5 ("[A]s long as Defendants lay the proper foundation, [the expert] will be permitted to testify that the levels of alcohol and/or methamphetamine have

been known to affect/alter behavior and/or thought processes."), the probative value of the test results, beyond confirmation of Mr. Garcia-Ortiz's use of drugs on February 23, 2017, is not yet clear.

Finally, Defendants have not identified any evidence that they intend to introduce relating to Mr. Garcia-Ortiz's drug use or possession prior to or after the incidents in question. Any probative value of such evidence would be limited and, therefore, outweighed by the risk of unfair prejudice. *See Orr v. Shea*, No. 3:17-cv-00788 (VAB), 2021 WL 1946381, at *7 (D. Conn. May 14, 2021) ("As to any evidence relating to Mr. Orr's alleged past drug use before the events leading to his arrest, Officer Shea has noted that he does not intend to introduce such evidence, and given the Second Circuit's observation that 'ordinarily there are few subjects more potentially inflammatory than narcotics and thus such evidence should usually be excluded in a non-narcotics trial,' any such evidence likely would not be admissible at trial." (quoting *Ong*, 541 F.2d at 340)). Thus, any evidence of Mr. Garcia-Ortiz's drug use or possession at other times will be excluded.

Accordingly, the Court will deny Mr. Garcia-Ortiz's motion as to evidence of drug use or intoxication at the time of the events in question, except as to the test results themselves, for which the motion is denied without prejudice to renewal at trial, and will grant Mr. Garcia-Ortiz's motion as to evidence related to drug use at any other time.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Garcia-Ortiz's motion *in limine* is **GRANTED in part** and **DENIED in part**.

To the extent relevant as impeachment of any testimony provided by Mr. Garcia-Ortiz, or as relevant to the testimony of any of Defendants' witnesses and not unduly prejudicial,

Defendants will be permitted to introduce evidence regarding Mr. Garcia-Ortiz's drug use and intoxication at the time of the incident in question on February 23, 2017. But, for now, any testimony regarding any medical tests taken about any alleged drug use or intoxication, or any evidence about any such tests themselves, will not be permitted, although such evidence may be admissible, depending on Mr. Garcia-Ortiz's testimony.

Evidence of Mr. Garcia-Ortiz's drug use or possession before or after this date will not be admitted.

The Court's rulings, however, are "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of July, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE